UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:12-cv-00523-LJO-JLT<br><br>ORDER SEALING PORTIONS OF PLAINTIFF'S COMPLAINT<br><br>(Doc. 1)<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 1-2) |

James R. Patterson ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with a civil action initiated on April 5, 2012. (Docs. 1-2). Plaintiff seeks review of a child custody determination made, and alleges the Department of Human Services inaccurately recorded information. (Doc. 1 at 7). For the following reasons, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED** without leave to amend.

I.     **MOTION TO PROCEED IN FORMA PAUPERIS**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's motion to proceed IFP be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted. *See* 28 U.S.C.§ 1915(e)(2).

## II.   SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.   PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P.

8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1949. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.  DISCUSSION AND ANALYSIS**

Plaintiff seeks to have the Court review a custody determination by examining the "intire [sic] case with a fine tooth comb/ interview attorneys involved. Review[ing] recorded tapes and records interviewed by daughter at two years old etc." (Doc. 1 at 7). Thus, in essence, Plaintiff seeks a de novo review of the custody determination made by the state. However, it is well-established that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (1930) (citation omitted). As a result, the Ninth Circuit has determined federal courts "should not adjudicate cases involving domestic relations, including 'the custody of minors and *a fortiori*, rights of visitation.'" *Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983) (quoting *Hernstadt v. Hernstadt*,

3

373 F.2d 316, 217 (CA2 1967)).  Thus, matters regarding "the proper care, custody and control of juveniles . . . have traditionally been left to the states." *Id.*

Notably, under the doctrine of equitable abstention, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when the plaintiff raises a constitutional claim. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987), *cert. denied*, 484 U.S. 802 (1987).  Nevertheless, Plaintiff has not raised a constitutional claim in conjunction with his request for review of the matter.  Because Plaintiff identifies only a domestic relations issue, the matter is not within the Court's jurisdiction.

On the other hand, this Court lacks the authority to determine whether the state court acted appropriately.  A party may not seek appellate review in federal court of a decision made in the state court under the Rooker-Feldman doctrine.  *See* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Accordingly, the Court "lack[s] jurisdiction to exercise appellate review over final state court judgments." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007).  The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Doe v. Mann, 451 F.3d 1038, 1041-42 (9th Cir. 2005).  In addition, a complaint in federal court must be dismissed for lack of subject matter jurisdiction if the "claims raised are . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." Bianchi v. Rylaarsdam, 334 F.3d 894, 898 (9th Cir. 2003), citing Feldman, 460 U.S. at 483, 485.

Here, the child was removed from the parents' custody more than a decade ago and numerous hearings and reviews have ensured since that time.  (Doc. 1 at 12)  Plaintiff's remedy was to seek appellate review of these orders in the state court if he was dissatisfied with the state court's decisions.  Moreover, his current complaint, that his child won't have contact with him is an issue that must be raised with the state court through his appointed counsel or otherwise.  Even presuming Plaintiff is

4

1 raising a federal claim—and it is clear that he is not--the Court here is not permitted to sit in review of
2 the actions of the state court.

## V. ORDER

Plaintiff has attached several pages of records from Kern County Superior Court, including copies of confidential juvenile court records. However, "juvenile court records, in general, should be confidential." Cal. Welf. & Inst. Code § 827(b)(1). Accordingly, these records should not have been disclosed in conjunction with Plaintiff's complaint. *See In re Keisha T.*, 38 Cal. App. 4th 220, 231 (1995) (observing "[c]onfidentialy cannot always be honored," but the confidentiality of records is "more compelling" in matters where there is no public interest and the child is blameless).

Given the need to protect confidential information concerning a minor, and good cause appearing therefor, **IT IS HEREBY ORDERED**:

  1.   Pages 11-48 of Plaintiff's Complaint (Doc. 1) are ordered to be **SEALED**.

## VI. FINDINGS AND RECOMMENDATIONS

Plaintiff fails to state a claim upon which relief can be granted. Based upon the facts set forth in the Complaint, it does not appear the deficiencies can be cured by amendment. Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint. *See Lopez*, 203 F.3d at 1130 (requiring leave to be granted to the extent deficiencies can be cured by amendment).

Accordingly, **IT IS HEREBY RECOMMENDED**:

  1.   Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and
  2.   Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 11, 2012**                               **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE